UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONALD COWARD,

          Petitioner,

v.                                                Case No. 5:03-cv-280-Oc-10GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

          Respondents.
_____

### ORDER DENYING THE PETITION

Petitioner, *pro se*, initiated this case on July 2, 2003 by executing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner challenges his 1998 conviction of burglary of a conveyance with assault. The Petition, the Response to the Petition, and the record submitted with the Response demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

### Conviction and Sentence

On August 26, 1997, Petitioner was charged by information in Lake County, Florida with burglary of a conveyance, a motor vehicle, with assault.[1] Petitioner pled not guilty.[2] On June 8, 1998, the state trial court held a jury trial at which the jury

---

[1] Doc. 7, App. A, pg. 6.

[2] Doc. 7, App. A, pg. 9.

found Petitioner guilty as charged.[3] Petitioner filed a motion for a new trial, which was denied by the trial court at a hearing on July 1, 1998.[4] The trial court sentenced Petitioner to thirty years in prison as a habitual violent felony offender.[5]

Petitioner appealed his conviction and sentence to the Fifth District Court of Appeal raising two issues:

> (1) whether the trial court committed error by denying the motion for judgment of acquittal and the motion for new trial when the State failed to prove that the crime of assault was committed when the State charged Petitioner with a burglary enhanced by assault; and
>
> (2) whether the trial court committed error when it denied the motion for judgment of acquittal and the motion for new trial when the State failed to prove that Petitioner entered or remained in a conveyance with a specific intent to commit the crime of assault.[6]

The Fifth District Court of Appeal affirmed the trial court *per curiam*.[7] Mandate issued on September 3, 1999. Coward v. State, 741 So. 2d 508 (Fla. 5th DCA 1999). On November 17, 1999, Petitioner, *pro se*, filed a Motion for Post-Conviction Relief pursuant to Rule 3.850 of Florida Rule of Criminal Procedure. Petitioner raised seven grounds for relief:

> (1) counsel was ineffective for failing to object to improper comments by the prosecutor which shifted the burden of proof from the State to the Petitioner, in violation of the Petitioner's Sixth and Fourteenth Amendment Rights to the

---

[3] Docs. 7-8, App. B, pgs. 1-318.

[4] Doc. 8, App. B, pgs. 319-323.

[5] Doc. 8, App. B, pgs. 362-363.

[6] Doc. 8, App. C, pgs. 1-12.

[7] Doc. 8, App. D.

United States Constitution;

(2) counsel was ineffective for failing to properly object to the imposition of Habitual Violent Felony Offender classification where proof of the predicate offense was insufficient to establish habitualization, in violation of the Petitioner's Sixth and Fourteenth Amendment Rights to the United States Constitution;

(3) counsel was ineffective for failing to properly prepare for trial, in violation of the Petitioner's Sixth and Fourteenth Amendment Rights to the United States Constitution;

(4) counsel was ineffective for failing to present a mistaken identity defense after advising the Petitioner that if he did all counsel would do is read the jury instructions to the jury, in violation of the Petitioner's Sixth and Fourteenth Amendment Rights to the United States Constitution;

(5) counsel was ineffective for failing to object to the prosecutor eliciting testimony from police officer as to what or whether his testimony would coincide with other officer testimony, in violation of the Petitioner's Sixth and Fourteenth Amendment Rights to the United States Constitution;

(6) counsel was ineffective for failing to file a motion to suppress statements, in violation of the Petitioner's Sixth and Fourteenth Amendment Rights to the United States Constitution; and

(7) counsel was ineffective for failing to pursue the Petitioner's speedy trial rights, in violation of the Petitioner's Sixth and Fourteenth Amendment Rights to the United States Constitution.[8]

The state court held an evidentiary hearing on grounds one and seven of Petitioner's Rule 3.850 motion and in an order dated June 10, 2002, the state court denied Petitioner's motion.[9] Petitioner appealed this denial, raising three grounds

(1) the trial court committed reversible error by denying the 3.850 motion when the State failed to prove that Petitioner's trial counsel exercised

---

[8]Doc. 8, App. E, pgs. 1-15.

[9]Doc. 8, App. E, pg. 43.

competent defense strategy by failing to pursue Petitioner's speedy trial rights;

(2) the trial court committed reversible error by denying Petitioner's request for appointment of counsel for evidentiary hearing; and

(3) the trial court committed reversible error by denying Petitioner's 3.850 motion when the State failed to prove that the comments made by the prosecutor during closing arguments were not improper and prejudiced the Petitioner before the jury and the Petitioner's trial counsel was in fact exercising competent assistance by not objecting to the these comments.[10]

The Fifth District Court of Appeals affirmed the trial court *per curiam* on March 18, 2003.[11] Mandate issued on April 4, 2003.  Coward v. State, 842 So. 2d 128 (Fla. 5th DCA 2003).  On July 2, 2003, Petitioner executed the instant Petition. (Doc. 1).

## Timeliness of Petition

Respondents concede that the Petition was timely filed within the one-year limitation period under 28 U.S.C. § 2244(d)(1).[12]

## Claims of Petition

Petitioner claims the following grounds for relief in the instant Petition:

(1) that his conviction was obtained in violation of the 5th and 14th Amendments of the United States Constitution in that the State failed to prove all the essential elements for lawful conviction.

(2) the evidence used to convict was obtained pursuant to an unconstitutional search and seizure.

---

[10]Doc. 8, App. F, pgs. 1-18.

[11]Doc. 8, App. G.

[12]Respondents' Response to Petition (Doc. 6) at pg. 6.

4

(3) the evidence used to convict was obtained pursuant to an unlawful arrest.

## Exhaustion/Procedural Bars

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[13] This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[14] Petitioners' *pro se* status does not alone amount to good cause.[15]

A petition for writ of habeas corpus should not be entertained unless the Petitioner has first exhausted his state remedies.[16] The courts of Florida must be given the opportunity to consider the Petitioner's legal theory of a federal

---

[13] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[14] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) cert. denied, 513 U.S. 1061 (1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977)).

[15] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir.) cert. denied, 498 U.S. 832 (1990).

[16] Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, *reh'g denied*, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982).

constitutional deficiency and the factual basis for that theory.[17] Concerns of comity require that exhaustion cannot be satisfied by the mere statement of a federal claim in state court.[18] Petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits.[19] A full and fair opportunity involves the proper presentation,[20] and substance of, the federal constitutional claim.[21] Generally, a federal habeas petition should be dismissed if the petitioner has failed to exhaust state remedies. Additionally, a petitioner must avoid a procedural default by non-compliance with State substantive or procedural requirements.[22]

Respondents maintain that grounds two and three are procedurally barred for reasons of lack of exhaustion and procedural default. A review of the records in state court show that Petitioner failed to raise grounds two and three on direct appeal or in his Rule 3.850 motion. Therefore, grounds two and three are not exhausted. Moreover, because the time for pursuing these grounds has past,[23]

---

[17] Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513 (1971).

[18] Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992).

[19] Id.

[20] Castille at 351.

[21] Watson v. Dugger, 945 F.2d 367, 371-372 (11th Cir. 1991).

[22] Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54, *reh'g denied*, 501 U.S. 1277 (1991).

[23] See Fla.R.Crim.P. 3.850(g).

Petitioner is barred from raising these claims on federal habeas review.[24] Further, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception to this procedural default.

## Standard of Review

After the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[25] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[26] Moreover, each clause, "contrary to" and "unreasonable application," provides a separate basis for review.[27]

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

---

[24] If a Petitioner fails to exhaust his federal constitutional claim, the federal courts may find the unexhausted claim to be procedurally defaulted "if it is clear from state law that any future attempts at exhaustion would be futile." Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999) (per curiam). In addition, if the Court finds that the unexhausted claim(s) would now be procedurally defaulted, the "exhaustion requirement and procedural default principles combine to mandate dismissal" of those claims. Id (citing Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir. 1998).

[25] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[26] See 28 U.S.C. § 2254(d)(1).

[27] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

state court proceeding.[28]  The AEDPA also directs that the factual findings of the state court are afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.[29]  This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[30]

Finally, for a state court's resolution of a claim to be an adjudication on the merits so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.[31]

### **Merits of Claim**

The state court adjudicated ground one on the merits.[32]  In ground one, Petitioner alleges that his conviction was obtained in violation of the 5th and 14th Amendments of the United States Constitution in that the State failed to prove all the essential elements for lawful conviction.

---

[28] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

[29] See 28 U.S.C. § 2254(e)(1).

[30] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

[31] Wright v. Secretary for the Dept. of Corrections, 278 F.3d 1245, 1255 (11th Cir. 2002) cert. denied, 538 U.S. 906 (2003); see also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004).

[32] Respondents maintain that ground one was presented as a state issue on appeal, and therefore is not exhausted.  Even if, as Respondent contends, ground one is not exhausted, this Court has the authority to entertain and deny a claim on the merits notwithstanding the failure to exhaust. See 28 U.S.C. §2254(b)(2).

When reviewing a claim of the sufficiency of the evidence on federal habeas review, the District Court is required to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[33] "When the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant. In other words, federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence."[34]

Petitioner was found guilty of burglary of a conveyance with assault.[35] Florida Statutes sections 810.02(1) and 810.02(2)(a)(1997) state:

(1) "Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

(2)(a) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:

(a) Makes an assault or battery upon any person;

---

[33] Jackson v. Virginia, 443 U.S. 307, 319 (1979).

[34] Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001).

[35] FLA. STAT. ANN. §784.011 defines assault as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."

At trial, the victim testified that she stopped to purchase gas for her Ford Windstar van. The victim identified Petitioner in court and testified that she never gave him permission to enter her van at anytime. She testified that after she drove away from the gas station, she looked in the rear-view mirror of her van and saw Petitioner standing and hovering over her while holding a rag in one of his hands. The victim testified that the Petitioner was inside her van, approximately one-half foot away from her and was approaching her with the rag in her face. The victim also testified that Petitioner was so close to her that she wanted him away from her and began swerving her vehicle so that "there was no way he was going to take me." The victim testified that she was scared and she eventually jumped out of her van as it traveled around 40 to 45 miles per hour.[36]

This Court concludes that a rational trier of fact could have found that Petitioner committed burglary of a conveyance with assault. Accordingly, the Court will not disturb the factual determinations made by the jury and ground one is due to be denied.

### Conclusion

As set forth in this Order, ground one is due to be denied. Further, Petitioner's grounds two and three are unexhausted, procedurally defaulted, or both. Therefore, the Petition is **DENIED** with prejudice. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

---

[36]Doc.7, App. B, pgs. 110-119.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 19th day of September 2006.

UNITED STATES DISTRICT JUDGE

c:  Ronald Coward
    Counsel of Record